**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4236**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEFFREY MIHELICH,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, District Judge.  (1:08-cr-00069-IMK-JSK-1)

Submitted:  September 30, 2009          Decided:  October 22, 2009

Before SHEDD and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Brian J. Kornbrath, Federal Public Defender, Clarksburg, West Virginia, for Appellant.  Sharon L. Potter, United States Attorney, Shawn Angus Morgan, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Mihelich pleaded guilty, pursuant to a plea agreement, to one count of possession with intent to distribute less than fifty kilograms of marijuana and less than 500 grams of cocaine within 1000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), (b)(1)(D), 860 (2006). Mihelich entered a conditional guilty plea and reserved his right to appeal the district court's denial of his motion to suppress evidence. On appeal, he argues that the district court erred in denying his motion to suppress because the affidavit in support of the search warrant lacked sufficient information to establish probable cause, and that the good-faith exception established by the Supreme Court in United States v. Leon, 468 U.S. 897 (1984), did not apply to uphold the search of his apartment. We affirm.

We review the district court's factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005). When a suppression motion has been denied, we review the evidence in the light most favorable to the Government. Id. This court gives due regard to the district court's opportunity to judge the credibility of witnesses and does not review credibility determinations. See United States v. Lowe, 65 F.3d 1137, 1142 (4th Cir. 1995).

2

In reviewing the validity of a search warrant, the relevant inquiry is whether, under the totality of the circumstances, the issuing judge had a substantial basis for concluding that there was probable cause to issue the warrant. Illinois v. Gates, 462 U.S. 213, 238 (1983); see United States v. Chandia, 514 F.3d 365, 373-74 (4th Cir. 2008) (noting that magistrate's probable cause determination is entitled to "great deference"). "When reviewing the probable cause supporting a warrant, a reviewing court must consider only the information presented to the magistrate who issued the warrant." United States v. Wilhelm, 80 F.3d 116, 118 (4th Cir. 1996).

The judge reviewing the warrant application is required "simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." Gates, 462 U.S. at 238. The crucial element determining probable cause is "whether it is reasonable to believe that the items to be seized will be found in the place to be searched." United States v. Lalor, 996 F.2d 1578, 1582 (4th Cir. 1993). Information must link criminal activity to the place to be searched. Id. at 1583. Our review of the record leads us to conclude that the district court correctly concluded that the affidavit was sufficient to support a finding of probable cause

3

for the search of Mihelich's apartment.  Additionally, we find that, even assuming the affidavit was deficient, the district court correctly concluded that the good-faith exception would apply to the search of Mihelich's apartment.  The district court therefore properly denied Mihelich's suppression motion.

Accordingly we affirm Mihelich's conviction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED